

**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 04 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

TIM McKANE,    :
               :
    Plaintiff, :
               :
v.             :   CIVIL ACTION FILE
               :   NO. 1:08-CV-0024
UBS FINANCIAL SERVICES, INC., :
               :   JURY TRIAL DEMANDED
    Defendant. :
_____

CAP

**COMPLAINT**

Plaintiff Tim McKane ("McKane" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendant UBS Financial Services, Inc. ("UBS" or "Defendant") and alleges as follows:

**NATURE OF ACTION**

1.

This action is brought under the Americans With Disabilities Act of 1991, 42 U.S.C. § 12101, et seq. ("ADA"), to redress Defendant's unlawful employment practices of disability discrimination and regarding Plaintiff as disabled.

Plaintiff also brings this action under the Age Discrimination In Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA").

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

3.

Defendant is a foreign corporation which operates an asset management business within the Atlanta Division of the United States District Court for the Northern District of Georgia. Defendant's unlawful conduct occurred within the Atlanta Division of this Court. Defendant may be served with process upon its Registered Agent in Georgia, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia 30092.

4.

Plaintiff has performed all conditions precedent necessary to the maintenance of this action under the ADA, including the timely filing of a Charge Of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and the issuance of a Notice Of Right To Sue dated November 27, 2007. This lawsuit was filed within ninety (90) days of the issuance of that Notice Of Right To Sue.

## PARTIES

5.

Plaintiff was previously employed by Defendant at its location in Atlanta, Georgia and resides in and is a citizen of Fulton County, Georgia, at all times material to this action.

6.

At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the ADA and was conducting business in the jurisdiction of this Court.

## FACTUAL BACKGROUND

7.

Plaintiff began his employment with Kidder Peabody in 1983 as a stockbroker. Payne Webber acquired Kidder Peabody in the early 1990's and Plaintiff continued his work and was employed as a Financial Analyst for Payne Webber thereafter. Payne Webber was acquired by UBS in approximately 1999. McKane worked at UBS's location in the City of Atlanta on Peachtree Road, most recently at their location at The Pinnacle, 3455 Peachtree Road, N.E., Suite 1700, Atlanta, Georgia 30305.

8.

In April 1993 at age 47, McKane was diagnosed as a Type I insulin-dependent diabetic and has been on an insulin pump since

November 1999. UBS was aware of McKane's diabetes, hypoglycemia, and the fact that his rare but angry and irritable conduct was caused by sudden and unpredictable decreases in blood sugar (hypoglycemia).

9.

During the preceding six (6) years, McKane had been warned about his anger, loud voice on several occasions, and profane language. Warnings were issued to him on September 27, 2000, July 9, 2001, and the most recently on October 30, 2003. When terminated, it had been over three (3) years since McKane had received a warning.

10.

In 2007, McKane suffered from two (2) hypoglycemic incidents earlier in the year but neither resulted in any work-related problems. McKane also suffered a heart attack in the office in January 2007. Each of these three (3) incidents required emergency calls to the City of Atlanta Fire Department Emergency Medical Technicians ("EMTs"). The EMTs came into UBS's office and carried McKane away on a stretcher.

11.

On November 2, 2006, McKane's hip was replaced, requiring McKane's hospitalization to November 8. From November 8 to

November 27, McKane was unable to work and convalesced at home. McKane's hip had been severely injured in combat in May 1971 and he was discharged as a disabled Vietnam veteran. As a result of his hip replacement in November 2006, hospitalization, and convalescence at home, all totaling over three (3) weeks, McKane was encountering extreme swings in his blood-sugar level.

12.

On November 29, 2006, on the third day of his return to work, and as a result of a workplace issue, McKane became angry and irritated and raised his voice in his enclosed office. This was caused by an unanticipated hypoglycemic event in which his blood-sugar level dropped to dangerously low levels. At no time during this event did McKane pose a danger or threat to anyone.

13.

Nonetheless, as a result of the incident, UBS's Branch Manager, Robert Karem, fired McKane. McKane was fired in spite of Karem's and UBS's Human Resources Department's knowledge that McKane's conduct displaying anger and irritability was caused by hypoglycemia and his related diabetes.

14.

McKane submits that he was fired because of his disability (diabetes) or "regarded as" disabled by UBS, because of his age,

and in violation of the protections of the FMLA. The health incident which McKane had in late November 2006 which led to his termination was the fourth health issue at work encountered by McKane during 2006. Mr. Karem even stated to Mr. McKane and his wife, Marie, that UBS could not allow McKane to again have health issues occur at work.

15.

McKane further contends he was discriminatorily terminated because Branch Manager, Robert Karem, was embarrassed and tired of dealing with McKane's health issues.

### Count One - Violation Of The ADA Based On McKane's Disability (Diabetes) (42 U.S.C. § 12101, et seq.)

16.

Plaintiff repeats the allegations contained within paragraphs 1 through 15 of this Complaint as if fully stated herein.

17.

Plaintiff submits that he is disabled by diabetes within the meaning of the ADA and the ADA's Implementing Regulations, 29 CFR § 1630.2(g). McKane submits that he was terminated because of his disability (diabetes), that UBS refused to

provide reasonable accommodation, or discuss in an interactive manner ways to resolve these issues and, as a result, UBS violated the ADA when it terminated McKane.

**Count Two - Violation Of The ADA Because UBS "Regarded" McKane As Disabled (42 U.S.C. § 12101, et seq.)**

18.

Plaintiff repeats the allegations contained within paragraphs 1 through 17 of this Complaint as if fully stated herein.

19.

Alternatively, if McKane is found not to be disabled by diabetes within the meaning of the ADA, UBS regarded him as having an impairment within the meaning of 29 CFR § 1630.2(1).

20.

Because UBS terminated McKane based on McKane's disability-related conduct which did not pose a direct threat to anyone, UBS's termination of McKane is a violation of the ADA.

### Count Three - Age Discrimination In Employment Act, (29 U.S.C. § 621, et seq.)

21.

Plaintiff repeats the allegations contained within paragraphs 1 through 20 of this Complaint as if fully stated herein.

22.

McKane was sixty (60) years old when he was terminated on November 28, 2006.  McKane contends that UBS considered his age as a determining factor in its decision to terminate McKane.

23.

As a result, McKane was discriminated against under the Age Discrimination In Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and he is entitled to all relief provided for under the ADEA.

### Court Four - Family Medical Leave Act (29 U.S.C. § 2601, et seq.) (Interference And Retaliation)

24.

Plaintiff repeats the allegations contained within paragraphs 1 through 23 of this Complaint as if fully stated herein.

25.

McKane's termination was motivated in whole or substantial part by UBS's dissatisfaction with McKane's FMLA-protected absences in 2006, and the circumstances surrounding those absences, including McKane's hospitalization for hip surgery which preceded his termination by less than three (3) days.

26.

UBS's termination of McKane, motivated by its dissatisfaction with McKane's 2006 FMLA absences, interfered with McKane's right under the FMLA and, further, constituted retaliation prohibited by the FMLA.

27.

As a result, McKane's FMLA rights were interfered with and he was subjected to retaliation prohibited by the FMLA. McKane is entitled to all relief provided for under the FMLA.

### Prayer For Relief

WHEREFORE, Plaintiff demands the following relief:

(a) That McKane have and recover from Defendant back pay, benefits, and pre-judgment interest thereon;

(b) That McKane have and recover liquidated damages from Defendant;

(c) That McKane have and recover from Defendant compensatory and punitive damages;

(d) That McKane have and recover from Defendant his reasonable attorneys' fees and expenses of litigation awardable under the ADA, ADEA, and FMLA;

(e) That McKane be granted a trial by jury as to all issues;

(f) That McKane be granted injunctive and declaratory relief; and

(g) That the Court grant McKane any and all other relief to which he may be entitled.

This 4th day of January, 2008.

Respectfully submitted,

IRVIN & KESSLER LLC

By: _____
Gary R. Kessler
Georgia Bar No. 416562
Two Securities Centre, Suite 750
3500 Piedmont Rd., N.E.
Atlanta, Georgia 30305
404-237-1020 (office)
404-237-1047 (facsimile)
gkessler@isklaw.com
ATTORNEYS FOR PLAINTIFF
TIM McKANE