FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 22 2010

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

# United States Court of Appeals
## For the Eleventh Circuit

No. 09-13011

District Court Docket No.
08-00024-CV-CAP-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 21, 2010

JOHN LEY
ACTING CLERK

TIM MCKANE,

    Plaintiff-Appellant,

versus

UBS FINANCIAL SERVICES, INC.,

    Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: [signature]
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered: January 21, 2010
For the Court: John Ley, Acting Clerk
        By: Patch, Jeffrey

ISSUED AS MANDATE
FEB 19 2010
U.S. COURT OF APPEALS
ATLANTA, GA.

CORRECTED         [DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-13011
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00024-CV-CAP-1

TIM MCKANE,

Plaintiff-Appellant,

versus

UBS FINANCIAL SERVICES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

(January 21, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Tim McKane appeals from the district court's grant of summary judgment in favor of his former employer, UBS Financial Services, Inc. ("UBS"), in his

employment discrimination suit filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).[1]  On appeal, McKane only challenges the district court's denial of his failure to accommodate claim, arguing that: (1) his requested accommodation of relocating his office away from others would have enabled him to perform an essential function of his job, namely, interacting peacefully with his co-workers, thus rendering him otherwise qualified under the ADA; and (2) UBS's failure to engage in the interactive process with him regarding his requested accommodation was a violation of the ADA, or, at least, raised a genuine issue of material fact regarding the effectiveness of his requested accommodation.  After careful review, we affirm.

We review a district court order granting summary judgment <u>de novo</u>, viewing all of the facts in the record in the light most favorable to the non-moving party.  <u>Witter v. Delta Air Lines, Inc.</u>, 138 F.3d 1366, 1369 (11th Cir. 1998).  Summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

---

[1] McKane also alleged that UBS fired him in violation of the Age Discrimination in Employment Act ("ADEA") and the Family Medical Leave Act ("FMLA").  McKane explicitly abandoned the ADEA claim, however, and although the district court granted summary judgment on all of his claims, he does not raise the FMLA or ADEA claims on appeal.  Accordingly, these claims are waived.  See <u>Lovett v. Ray</u>, 327 F.3d 1181, 1183 (11th Cir. 2003) (holding that a party waives arguments not made in initial appellate brief).

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Discrimination under the ADA includes:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity.

42 U.S.C. § 12112(b)(5)(A); see also 29 C.F.R. § 1630.9. To state a prima facie claim for failure to accommodate, the plaintiff must show that: (1) he is disabled; (2) he is a qualified individual; and (3) he was discriminated against by way of the defendant's failure to provide a reasonable accommodation. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001). "The plaintiff bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions." Id. at 1255-56.

A qualified individual with a disability is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). The plaintiff, in other words, "must show either that he can perform the essential functions of his job without accommodation, or, failing that, show that he can

3

perform the essential functions of his job with a reasonable accommodation." Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000). "Thus, if [the plaintiff] is unable to perform an essential function of his . . . job, even with an accommodation, he is, by definition, not a qualified individual and, therefore, not covered under the ADA." Id. (quotation omitted).

An accommodation is reasonable and required only if it enables the employee to perform an essential function of the job. Lucas, 257 F.3d at 1255. An employee with a disability is not entitled to the accommodation of his choice, but only to a reasonable accommodation. See Earl v. Mervyns, Inc., 207 F.3d 1361, 1367 (11th Cir. 2000). Reasonable accommodations may include: "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B).

With regard to whether an employer has an affirmative duty to engage in an interactive process with the employee concerning reasonable accommodation, "where a plaintiff cannot demonstrate [a] reasonable accommodation, the employer's lack of investigation into reasonable accommodation is unimportant."
4

Willis v. Conopco, Inc., 108 F.3d 282, 285 (11th Cir. 1997) (quotation omitted). "[T]he ADA provides no cause of action for failure to investigate possible accommodations." Id. (quotation omitted). Moreover, an employer's failure to investigate does not relieve the plaintiff of the burden of proving the availability of a reasonable accommodation. Moses v. American Nonwovens, Inc., 97 F.3d 446, 448 (11th Cir. 1996). "A contrary holding would mean that an employee has an ADA cause [of action] even though there was no possible way for the employer to accommodate the employee's disability." Id.

On the record here, McKane has failed to show how his requested accommodation -- moving his office to a remote location -- was reasonable. Indeed, the conduct underlying McKane's termination consisted of his verbal abuse of his co-workers, and the incident that led to his termination occurred inside his office after he summoned a fellow employee there. Thus, evidence before the district court did not show that moving McKane's office to a remote location would have completely obviated the need for him to peacefully interact with co-workers, and as a result, his requested relocation did not constitute a reasonable accommodation. See Lucas, 257 F.3d at 1255-56. Because there was no genuine issue of material fact regarding whether McKane was a qualified individual under

the ADA, the district court did not err in granting UBS's motion for summary judgment on his failure to accommodate claim. See Fed. R. Civ. P. 56(c)(2).

Furthermore, even assuming that UBS failed to engage in an interactive process, that failure neither amounted to a violation of the ADA nor relieved McKane of his burden of demonstrating the availability of a reasonable accommodation. See Willis, 108 F.3d at 285; Moses, 97 F.3d at 448. Similarly, the fact that McKane "offered specific and concrete evidence of his request for accommodation" does not change the analysis. This is because the basis for the Moses holding was not whether the plaintiff made a request for a specific accommodation, but whether a reasonable accommodation existed. See 97 F.3d at 448. As the Moses court held, "[a] contrary holding would mean that an employee has an ADA cause even though there was no possible way for the employer to accommodate the employee's disability." Id.

In sum, because McKane has failed to show a genuine issue of material fact regarding whether he was a qualified individual for the purpose of his ADA failure to accommodate claim, we affirm the district court's grant of summary judgment in favor of UBS on McKane's failure to accommodate claim.

**AFFIRMED.**

6

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia